UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AMERICAN EARTH SOLUTIONS, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:13-cv-1097 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| BRIAN JOSHUA PEACOCK and ) | |
| ECO-TEK, LLC, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Pending before the court is a Motion to Transfer for Improper Venue pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3) (Docket No. 16) filed by the defendants, Brian Joshua Peacock and Eco-Tek, LLC ("Peacock" or "defendants"), to which the plaintiff, American Earth Solutions ("AES"), has filed a Response in opposition (Docket No. 21), and the defendants have filed a Reply (Docket No. 22). For the reasons discussed herein, the defendants' motion will be denied.

## BACKGROUND

This dispute involves the abrupt and acrimonious end of a business relationship.[1] Defendant Brian Peacock is the sole member of defendant Eco-Tek, LLC, a company organized

---

[1] Unless otherwise noted, the facts are drawn from the plaintiff's Complaint (Docket No. 1). In reviewing a motion to transfer or dismiss for improper venue, "the court may examine facts outside of the complaint but must draw all reasonable inferences and resolve factual conflicts in

1

and principally operating in Frederick County, Maryland. Plaintiff AES is a Tennessee manufacturing company that specializes in erosion control and highway construction products. In October 2012, AES retained defendant Peacock as an independent contractor for marketing and sales consulting in exchange for a monthly fee. It appears that the relationship between AES and Peacock was based on an oral agreement, and the parties, in affidavits submitted in support of their briefs, dispute where the agreement was formed. (Docket No. 16, Ex. 2 (Affidavit of Brian J. Peacock ("Peacock Aff."); Docket No. 20 (Affidavit of Tyler J. Alkins ("Alkins Aff.").) AES alleges that its agreement with Peacock included a clear understanding that Peacock would not be entitled to any additional remuneration, including commissions or bonuses, beyond his monthly fee.

In April 2013, a financing company known as Pathway Lending agreed to lend AES $86,000 for the purpose of allowing AES to acquire two silt fence manufacturing machines. In mid-April, AES asked Peacock to assist AES in locating two such machines for purchase. On April 24, 2013, Pathway Lending wired $86,000 to Peacock for the purpose of purchasing the machines. Sometime shortly after April 24, 2013, AES decided that it would purchase two machines from an alternate equipment manufacturer and asked Peacock to return the $86,000 to AES or to Pathway Lending. AES alleges that Peacock refused to return the money, and, since April 2013, AES has continued to pay interest and costs to service the $86,000 loan without the benefit and use of the funds.

---

favor of the plaintiff." *Receiver of the Assets of Mid–Am. Energy, Inc. v. Coffman*, 719 F. Supp. 2d 884, 890 (M.D. Tenn. 2010).

In June 2013, Peacock abandoned his duties as an independent consultant and ceased all communication with AES. On October 7, 2013, AES filed a Complaint against Peacock and Eco-Tek, alleging a litany of claims, including embezzlement, conversion, fraudulent inducement, unjust enrichment, fraudulent misrepresentation, negligent misrepresentation, and breach of contract. (Docket No. 1.) In its Complaint, AES alleges that, in addition to refusing to return the $86,000, Peacock has kept commissions and profits from transactions between AES and its customers in violation of the agreement between Peacock and AES.

On February 3, 2014, Peacock filed the pending motion, requesting a transfer of venue to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a), or, in the alternative, that the court dismiss the Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). The plaintiff opposed the defendants' motion on February 10, 2014, and also requested that the court issue an order as to its personal jurisdiction over the defendants. In their Reply filed on February 13, 2014, the defendants conceded the issue of personal jurisdiction and reiterated their request for transfer or dismissal.

## **ANALYSIS**

As an initial matter, the defendants appear to have employed the wrong vehicle for their request that the court transfer this matter to another venue. The defendants premise their request for transfer exclusively on 28 U.S.C. § 1404(a) and rely solely on their argument that the plaintiff filed its suit in an improper judicial district. However, Section 1404(a) "operates on the premise that the plaintiff has *properly* exercised his venue privilege." *Kerobo v. S.W. Clean Fuels, Corp.*, 285 F.3d 531, 539 (6th Cir. 2002) (emphasis added). It is unlike 28 U.S.C. § 1406, which addresses cases that have been filed in the wrong division or district, because it

"presupposes that the court has jurisdiction and that the case has been brought in the wrong forum." *Lafferty v. St. Riel*, 495 F.3d 72, 77 (3rd Cir. 2007). It appears that, here, the defendants intended to move for transfer pursuant to Section 1406. Accordingly, the court shall construe the pending motion as a request for transfer pursuant to Section 1406(a), or, in the alternative, to dismiss the Complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Because both of the defendants' requests are premised upon a finding of improper venue, the court begins its analysis with that inquiry.

I. **Improper Venue under 28 U.S.C. § 1391**

"The question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). The burden of establishing venue falls on the plaintiff. *See* 14D Charles Alan Wright, et al., *Federal Practice and Procedure,* § 3826 (3d ed. 2012) (noting that the position "that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue"). Generally, when venue is challenged, the court must determine whether the case falls within three specific categories set out in Section 1391(b). "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under Section 1406(a)." *Atl. Marine*, 134 S. Ct. at 577.

In support of its assertion that venue is proper in this district, AES relies on 28 U.S.C. § 1391(b)(2), which states that a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part

4

of the property that is the subject of the action is situated."[2] 28 U.S.C. § 1391(b)(2). The Sixth Circuit has held that this section does not require the court to determine where the most substantial events giving rise to the claim occurred; rather, venue is proper in "any forum with a substantial connection to the plaintiff's claim." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). AES cites several facts as evidence that it has met this standard, including the facts that Peacock transacted business in Tennessee under its arrangement with AES, Peacock sold AES products manufactured in and shipped from Tennessee, Peacock made several visits to AES's offices in Tennessee, Pathway Lending sent the money transfer of $86,000 from its location in Tennessee to Peacock, and the financial harm incurred by AES occurred in Tennessee.

In the defendants' pending motion, they argue that venue is improper in this district because a substantial part of the allegations of the Complaint occurred in Maryland. Consequently, the defendants submit, Maryland is the "*only* proper venue" for this matter under 28 U.S.C. § 1391(b)(2). (Docket No. 16, Ex. 1 at 4 (emphasis added).) However, the statute does not limit proper venue to only one judicial district. Accordingly, that venue would have been proper in Maryland does not mean that it is also not proper in this district. In diversity of citizenship cases, courts do not ask which venue is best, but only whether the chosen forum has a substantial connection to the plaintiff's claim. *Bramlet*, 141 F.3d at 263-64. Here, AES has met

---

[2] The Complaint states, "Venue is proper in this Court pursuant to 28 USC § 1391(a)(2), in that Defendants transact business in this District, and a substantial part of the events, acts, and omissions causing the loss that is the subject of this action occurred in this District." (Docket No. 1 ¶ 5.)

its burden to demonstrate that a substantial connection exists between its claims and this judicial district. Accordingly, the court finds that the Middle District of Tennessee is an appropriate venue for this action under Section 1391(b)(2). Because the court has found that venue is proper in this district, the defendants' requests for transfer or dismissal pursuant to Section 1406 and Fed. R. Civ. P. 12(b)(3) will be denied.

## CONCLUSION

For these reasons, the defendants' Motion to Transfer for Improper Venue pursuant to 28 U.S.C. § 1404(a) or, in the Alternative, Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3) (Docket No. 16) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge